HUGHES HUBBARD & REED LLP
CHARLES AVRITH, State Bar No. 96804
350 South Grand Avenue
36th Floor
Los Angeles, California 90071-3442
Telephone: (213) 613-2800
Facsimile: (213) 613-2950

Attorneys for Defendant Nikon, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EBAY INC., a Delaware Corporation,<br><br>      Plaintiff,<br><br>vs.<br><br>NIKON INC., a New York corporation,<br><br>    Defendant. | Case No. C 05-00491 RS<br><br><br>ANSWER AND COUNTERCLAIMS OF DEFENDANT NIKON INC. |
| NIKON INC., a New York Corporation,<br><br>      Cross-complainant<br><br>vs.<br><br>EBAY INC., a Delaware Corporation,<br><br>      Cross-defendant | |

Defendant Nikon Inc. ("Nikon") hereby answers the Complaint of eBay Inc. ("eBay") as follows:

## **RESPONSE TO "COMMON ALLEGATIONS"**

1.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint and therefore denies same.

2.    With respect to the allegations contained in the first sentence of paragraph 2 of the

Complaint, Nikon admits that it is a New York corporation with its principal place of business in the state of New York and that it is authorized to do business in the State of California. The allegations contained in the second sentence of paragraph 2 of the Complaint are legal conclusions as to which no responsive pleading is required. Should a response be deemed required, Nikon denies each and every allegation contained in the second sentence of paragraph 2 and respectfully refers the Court to the referenced contract for its actual language and full context.

3.    With respect to the allegations contained in paragraph 3 of the Complaint, Nikon denies each and every allegation contained in paragraph 3 of the Complaint except admits that the event referenced in the second sentence of paragraph 3, "eBay Live" took place.

4.    Denies each and every allegation directed at Nikon in paragraph 4 of the Complaint and denies knowledge or information sufficient to form a belief as to the truth or falsity of allegations directed at others in said paragraph.

5.    Denies each and every allegation contained in paragraph 5 of the Complaint.

6.    Denies each and every allegation contained in paragraph 6 of the Complaint.

7.    Denies each and every allegation contained in paragraph 7 of the Complaint except admits that Plaintiff purports to bring this action to recover damages, including a Premier Sponsorship fee, but denies that there is any legal or factual basis for the relief sought.

## RESPONSE TO "FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT"

8.    With respect to the allegations contained in paragraph 8 of the Complaint, Nikon hereby repeats and realleges each and every admission, denial, averment, and statement made in paragraphs 1 through 7 of this Answer with the same force and effect as though set forth here in full.

9.    Denies each and every allegation contained in paragraph 9 of the Complaint.

10.    Denies each and every allegation contained in paragraph 10 of the Complaint.

11.    Denies each and every allegation contained in paragraph 11 of the Complaint.

12.    Denies each and every allegation contained in paragraph 12 of the Complaint.

ANSWER AND COUNTERCLAIMS OF DEFENDANT NIKON INC
LA 561902_1.DOC

## RESPONSE TO "SECOND CAUSE OF ACTION FOR COMMON COUNT (MONEY HAD AND RECEIVED)

13.    With respect to the allegations contained in paragraph 13 of the Complaint, Nikon hereby repeats and realleges each and every admission, denial, averment, and statement made in paragraphs 1 through 12 of this Answer with the same force and effect as though set forth here in full.

14.    Denies each and every allegation contained in paragraph 14 of the Complaint.

15.    Denies each and every allegation contained in paragraph 15 of the Complaint.

## RESPONSE TO "THIRD CAUSE OF ACTION FOR QUANTUM MERUIT/UNJUST ENRICHMENT

16.    With respect to the allegations contained in paragraph 16 of the Complaint, Nikon hereby repeats and realleges each and every admission, denial, averment and statement made in paragraphs 1 through  2003.

17.    Denies each and every allegation contained in paragraph 17 of the Complaint.

18.    Denies each and every allegation contained in paragraph 18 of the Complaint.

19.    Denies each and every allegation contained in paragraph 19 of the Complaint except admits that Plaintiff purports to seeks payment for alleged services provided by eBay to Nikon, but denies that there is any legal or factual basis for the relief sought.

20.    Denies each and every allegation contained in paragraph 20 of the Complaint.

21.    Denies each and every allegation contained in paragraph 21 of the Complaint.

## AFFIRMATIVE DEFENSES

In further response to the allegations in the Complaint, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

22.    The Complaint, and each purported cause of action contained herein, fails to state facts sufficient to constitute a claim on which relief can be granted against Nikon Inc.

### SECOND AFFIRMATIVE DEFENSE

(Set-Off)

23.    By virtue of the facts alleged in the Counterclaims filed concurrently herewith, Nikon is entitled to set-off its damages for Plaintiff's wrongdoing against any and all recovery to which Plaintiff otherwise might be entitled.

### THIRD AFFIRMATIVE DEFENSE

(Unclean Hands)

24.    eBay's claims against Nikon are barred by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

(Estoppel)

25.    eBay's claims against Nikon are barred, in whole or in part, by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE

(Failure of Consideration)

26.    eBay's claims against Nikon are barred because of the failure of consideration on eBay's part.

### SIXTH AFFIRMATIVE DEFENSE

(Material Breach)

27.    eBay's claims against Nikon are barred due to eBay's material breach of the Agreement with Nikon, thereby discharging Nikon's duties under the Agreement.

### SEVENTH AFFIRMATIVE DEFENSE

(Failure To Mitigate)

28.    eBay's claims against Nikon are barred because eBay suffered no damages, or if eBay suffered any damages, it has failed to mitigate, minimize or avoid alleged damages.

### EIGHTH AFFIRMATIVE DEFENSE

(Improper Venue)

29.    This removed action was commenced by eBay in an improper venue and is more appropriately brought in a different venue.

30.     Nikon reserves the right to rely on all defenses that may become available during discovery or trial.

## COUNTERCLAIMS

## PARTIES

31.     Nikon is a New York corporation with its principal place of business in New York.

32.     Nikon is informed and believes and, based thereon, alleges that eBay is a Delaware corporation with its principal offices in California.

## JURISDICTION AND VENUE

33.     This Court has subject matter jurisdiction over this removed action, including Nikon's counter claims, pursuant to 28 U.S.C. §§ 1332 and 1367.

34.     This case was properly removed to this Court pursuant to 28 U.S.C. §§ 1441 & 1446 from the Superior Court of California, Santa Clara County.

## FIRST COUNTERCLAIM FOR BREACH OF ORAL AGREEMENT

35.     Nikon repeats and realleges each and every admission, denial, averment, and statement made in paragraphs 1 through 34 of this Answer and Counterclaim with the same force and effect as though set forth here in full.

36.     eBay first approached Nikon's Consumer Digital Products division in or about March 2003 to offer a long term, multifaceted marketing program that involved the use of both traditional marketing tools, such as ad placements and promotions, as well as Nikon's participation in a collection of eBay events and programs in order to allow Nikon to maximize exposure to eBay sellers and users.

37.     eBay knew that Nikon's long term marketing goals, including, among other, increasing product awareness and consumer education relating to digital imaging technology, required exposure to a significant number of sellers and users over an extended period of time.

38.     Accordingly, the marketing plan that eBay offered to Nikon included Nikon's participation in a series of eBay events and use of traditional marketing tools such as ad placement on the eBay site and emails to eBay sellers and users.

39.     In or about March through June, 2003, eBay and Nikon entered into an oral agreement ("Agreement") for a one year marketing partnership between eBay and Nikon in which Nikon would gain exposure to an estimated two million eBay sellers through, among other means, participation in four eBay programs - eBay University, eBay University Online, Power Sellers Perks, and eBay Live, as well as traditional marketing tools such as ad placements and banners on the eBay site, and eBay received the benefit of Nikon's contributions to the promotion and content of these four programs, including enhanced revenues as a result of Nikon's participation in digital photography classes, as well as a $100,000 fee to be paid by Nikon in four quarterly payments of $25,000.  The terms of this oral Agreement are more clearly set out in the Term Sheet sent by eBay to Nikon on March 18, 2003.

40.     At eBay's request and at considerable expense to Nikon, Nikon participated in eBay Live 2003 from June 26, 2003 to June 28, 2003.  As eBay knew, Nikon agreed to participate in eBay Live based on its understanding that this was the first part of the four-part marketing program that the parties had agreed to.  As eBay also knew, Nikon would not have participated in eBay Live if it could not participate in the other events and programs discussed above.

41.     Nikon performed all of its conditions, covenants, obligations, or promises required by the Agreement, except those for which it has been excused from performing by eBay's breach.

42.     eBay materially breached the Agreement by, among other acts:

a.      refusing to allow Nikon to participate as a Premier Sponsor of the remaining three programs - eBay University, eBay University Online, and Power Sellers Perks, and, as a result, failing to provide Nikon with the opportunity for potential exposure to an estimated 2.1 million eBay sellers and users.

b.      Refusing to include the Nikon logo on program materials for the eBay University, eBay University Online, and Power Seller Perks programs;

      c.     Refusing to have eBay University and eBay University Online instructors endorse Nikon digital cameras as the camera of choice;

      d.     Refusing to allow Nikon to offer classes to eBay sellers through eBay University and eBay University Online.

43.     As a result of eBay's breach of the Agreement, Nikon has been damaged in an amount to be proven at trial.

## SECOND COUNTERCLAIM FOR PROMISSORY ESTOPPEL

44.     Nikon repeats and realleges each and every admission, denial, averment, and statement made in paragraphs 1 through 43 of this Answer and Counterclaim with the same force and effect as though set forth here in full.

45.     eBay represented to Nikon that it would provide a long term marketing program that included Nikon's participation in, among other things, four eBay programs that, collectively, would provide exposure to an estimated 2.1 million eBay sellers and users.

46.     eBay encouraged Nikon to prepare for and participate in the eBay Live program scheduled for June 26-28, 2003 as the first step in the four-part marketing program the parties had agreed to.

47.     Nikon justifiably relied on eBay's representations concerning the availability of a one-year four part marketing partnership between eBay and Nikon.

48.     As a direct and proximate result of Nikon's reliance on eBay's representations, Nikon suffered significant damages, including, but not limited to, over $100,000 Nikon spent preparing for and participating in the eBay Live event and developing and producing products and materials to be provided to sellers and users as part of the eBay-Nikon marketing program.

## THIRD COUNTERCLAIM FOR *QUANTUM MERUIT*/UNJUST ENRICHMENT

49.     Nikon repeats and realleges each and every admission, denial, averment, and statement made in paragraphs 1 through 48 of this Answer and Counterclaim with the same force and effect as though set forth here in full.

50.     By reason of the foregoing conduct by eBay, eBay has been unjustly enriched to the detriment of Nikon in the amount to be determined at trial of the commercial value of

Nikon's endorsement of eBay Live and the contributions made by Nikon to eBay Live, including the classes presented by Nikon to eBay sellers.

WHEREFORE, Nikon prays for judgment as follows:

a.    dismissing eBay's Complaint with prejudice;

b.    ruling in Nikon's favor on its counterclaims;

c.    awarding Nikon its costs of suit; and

d.    awarding Nikon such other relief as the Court deems appropriate.

Dated:  February 9, 2005

Respectfully Submitted

HUGHES HUBBARD & REED LLP

By:  ___s/Charles Avrith_____
     Charles Avrith (State Bar No. 96804)

350 South Grand Avenue
36th Floor
Los Angeles, California 90071-3442

Attorneys for Defendant

ANSWER AND COUNTERCLAIMS OF DEFENDANT NIKON INC
LA 561902_1.DOC